UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARY LOU GONZALES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF SAN JOSE, et al.,<br><br>　　　　　Defendants. | Case No. 5:13-cv-00695-BLF<br><br>**ORDER GRANTING-IN-PART MOTION TO COMPEL AND DENYING MOTION FOR SANCTIONS**<br><br>**(Re: Docket Nos. 70, 75)** |

Plaintiff Mary Lou Gonzales was at home with her husband and three children when at least ten members of the San Jose Police Department established a perimeter around her property, entered and searched her house, and put her in handcuffs pursuant to a warrant that was later discovered to have been inaccurate.[1] In this ensuing litigation, the parties have wrestled over a variety of discovery-related disputes, particularly as to Defendants' responses to Gonzales' requests for production of documents. Gonzales asserts that Defendants have failed to respond adequately to discovery requests and have ultimately failed to produce several categories of documents, including documents subject to the attorney-client privilege, training logs and complaints against other SJPD officers. Gonzales also raises concerns about the quality of the

---

[1] It turns out that the warrant was for a Mary Ann Gonzales, not the plaintiff. *See* Docket No. 1 at 4-11.

1

Case No. 5:13-cv-00695-BLF
ORDER GRANTING-IN-PART MOTION TO COMPEL AND DENYING MOTION FOR SANCTIONS

electronic discovery produced thus far.  The court finds that some, but not all, of these discovery concerns have merit and thus GRANTS-IN-PART the motion to compel.  The court does not find that Defendants' conduct during the course of discovery rises to a level to warrant sanctions; Gonzales' motion for sanctions is DENIED.

## II.

This court has jurisdiction under 28 U.S.C. §§ 1332.  The undersigned was assigned discovery matters in this case pursuant to Rule 72(a).[2]

## III.

*First*, Gonzales seeks documents referenced in boilerplate objections in Defendants' four privilege logs as protected under the attorney-client privilege.  Gonzales argues that none of the logs comply with the standards under the Federal Rules because they fail to identify any privileged communications involving attorneys.  Even as they acknowledge what the logs say, Defendants maintain that there actually are no additional documents to produce and that documents withheld on the basis of the attorney-client privilege simply do not exist.

Under Fed. R. Civ. P. 26(b)(5), "when a party withholds information otherwise discoverable by claiming that the information is privileged . . . the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."[3]  Trial courts in the Ninth Circuit must then apply a balancing test to determine whether waiver of privilege is appropriate following a failure to produce documents that weighs the relative specificity of the objection or assertion of privilege, the timeliness of the objection and accompanying information about the withheld

---

[2] *See* Docket No. 3.

[3] Fed. R. Civ. P. 26(b)(5).

documents, the magnitude of the document production and any other circumstances that might make discovery particularly easy or difficult.[4]  While Gonzales is correct that boilerplate objections are insufficient to preserve privilege, Defendants have represented in their papers that there simply are no privileged documents to produce and Gonzales offers nothing to suggest otherwise.  While the court fails to comprehend why Defendants would claim privilege under these circumstances[5]—especially in light of Defendants' duty to certify under Fed. R. Civ. P. 26(g) that their productions and representations in response to requests for information are truthful[6]—the appropriate course here is to order Defendants to amend their responses within 21 days to conform with their representations by withdrawing any hint that they have withheld documents based on the privilege.  Defendants are cautioned that any further privilege assertions where no such privileged documents exist will not be tolerated.

---

[4] *See Burlington N. & Santa Fe Ry. Co. v. United States District Court*, 408 F.3d 1142, 1147 (9th Cir. 2005).

[5] Defendants' only defense to their improper creation of a privilege log is that it was done "out of an overabundance of caution."  Docket No. 82 at 9.

[6] *See* Fed. R. Civ. P. 26(g)(1):

> Every disclosure under Rule 26(1)(1) or (a)(3) and every discovery request, response, or objection must be signed by at least one attorney of record in the attorney's own name . . . .  By signing, an attorney or party certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry:
>
> (A) with respect to a disclosure, it is complete and correct as of the time it is made; and
>
> (B) with respect to a discovery request, response, or objection, it is:
>
> (i) consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law;
>
> (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay , or needlessly increase the cost of litigation; and
>
> (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action.

*Second*, Gonzales seeks additional complaints filed against officers in the San Jose Police Department concerning warrantless searches as well as related training materials beyond those housed publicly on the internet that comply with Police Officer Standards and Training requirements.  While Defendants have directed Gonzales to publicly available training information, the court is persuaded by Gonzales' argument that to the extent any supplemental materials—such as handouts and simulations—were distributed during training sessions from the past three years that relate to the issues in this case, Defendants must produce those materials as well.  As to production of additional internal complaints, the court finds that additional complaints are relevant to Gonzales' claims about SJPD training and supervision and that Defendants' reliance on summary information that is publicly available is insufficient.  Defendants shall produce any such complaints that have been filed within the past three years, to the extent that such complaints exist.  Defendants may redact any personal identifying information and produce the documents within 21 days.

*Third*, Gonzales argues that the documents that Defendants have produced so far do not have any metadata or that the metadata do not accurately reflect the creation and modification trails of each document.  While this court takes seriously any concern over spoliation of evidence, as noted in the sworn declaration of Sergeant Lee, it is not always possible to recover metadata for a particular report due to the manner in which a computer stores information.[7]  Furthermore

---

[7] *See* Docket No. 82-1 at ¶¶ 13-22:

13. When a file is created, the operating system and the word processor tracks certain elements about the data file while it is on the computer.  This additional data is also referred to as METADATA and can include[] information such as filename, creation date, size of file, location of file, file owner, time spent editing, and many other categories.  The purpose of METADATA is to help the user manage their data.  It was not created for the purpose of forensic examination; however, the metadata is extremely valuable when conducting forensic examinations.

14. When a keyword search is conducted, the forensic software used will locate those keywords anywhere they are located on the hard drive.  This includes an intact file, partially deleted file, or fully deleted file.  In this case, I only located one report document

Defendants have already produced any metadata available on the files that were produced. In the absence of any evidence that additional metadata is recoverable and available for production, the court is satisfied that Defendants have met their metadata production obligations.[8]

*Finally*, Gonzales moves for sanctions against Defendants, citing a litany of failures to engage in a forthright discovery process.[9] Gonzales seeks sanctions under Rule 37, but she fails to show that Rule 37 sanctions apply. Rule 37 allows sanctions for a failure to obey a discovery order, a failure to disclose or supplement, a failure to attend its own deposition, a failure to provide electronically stored information, and a failure to participate in framing a discovery plan.[10] Gonzales does not establish that Defendants have flouted a specific discovery order, failed to attend their own deposition, failed to participate in framing a discovery plan, or failed to disclose as contemplated by the Rule.

---

containing those keywords. The other two reports were not located and no longer exist on the hard drive.

15. There are two possibilities as to why the other police reports no longer exist[] on the computer.

16. Possibility 1: The reports never existed on the hard drive. It is possible that the other two reports were created on a laptop or other computer and printed directly from that machine. The metadata from the recovered report file is consistent with a file that was copied to the desktop from another computer or device.

17. Possibility 2: The reports once existed, but have been overwritten. Deleted data on a hard drive exists on the hard drive until the computer needs that space for other data. The forensic imaging of this hard drive occurred on March 13, 2014 and the actual writing of the report occurred in February 2012. I would not expect deleted data to reside on a computer that is in constant use two years later. It should be noted that the report document recovered was placed in the "recycle bin" but was never "recycled." When a document is found in that location, it is still fully intact.

[8] *See* Docket No. 82 at 8.

[9] Gonzales seeks an order that Defendants pay for any forensic expert's search of Defendants' computers to determine whether spoliation has occurred, as well monetary compensation for failure to respond to meet and confer activities, failure to address cited authority, use of boilerplate objections, improper assertion of privilege, overeager redactions, and refusal to produce certain categories of documents. *See* Docket No. 75 at 1-2.

[10] *See* Fed. R. Civ. P. 37 (b)-(f).

5

Case No. 5:13-cv-00695-BLF
ORDER GRANTING-IN-PART MOTION TO COMPEL AND DENYING MOTION FOR SANCTIONS

While—in light of the accused spoliation of evidence—it is conceivable that Gonzales might successfully bring a motion for sanctions on that basis, this too must fail. Rule 37(e) provides: "Absent exceptional circumstances, a court may not impose sanctions under these rules on a party for failing to provide electronically stored information lost as a result of the routine, good-faith operation of an electronic information system." This is exactly the representation that Sergeant Lee made in his declaration about the availability of metadata associated with certain electronic documents. On this record, there is insufficient evidence to suggest that Defendants destroyed evidence or that exceptional circumstances exist to constitute bad faith in the discovery process. Gonzales' motion for sanctions therefore must be denied.

**SO ORDERED.**

Dated: November 25, 2014

_____
PAUL S. GREWAL
United States Magistrate Judge

Case No. 5:13-cv-00695-BLF
ORDER GRANTING-IN-PART MOTION TO COMPEL AND DENYING MOTION FOR SANCTIONS