UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARY LOU GONZALES,<br><br>          Plaintiff,<br><br>  v.<br><br>CITY OF SAN JOSE, et al.,<br><br>          Defendants. | Case No. 5:13-cv-00695-BLF<br><br>**ORDER DENYING MOTION FOR SANCTIONS, DENYING MOTION TO COMPEL AND DENYING MOTION TO STRIKE**<br><br>**(Re: Docket Nos. 100, 101, 129)** |

      Plaintiff Mary Lou Gonzales was at home with her husband and three children when at least ten members of the San Jose Police Department established a perimeter around her property, entered and searched her house and put her in handcuffs pursuant to a warrant that was later discovered to have been inaccurate.[1] In this ensuing litigation, the parties have wrestled over a variety of discovery-related disputes. This time, Defendants take issue with Gonzales's refusal to answer certain questions during her deposition pursuant to her 5th Amendment right not to incriminate herself. Gonzales, in turn, seeks sanctions against Defendants for various discovery violations, including Defendants' failure to notify Gonzales that two depositions noticed to take place at the Santa Clara County main jail had been cancelled and Defendants' failure to provide

---

[1] It turns out that the warrant was for a Mary Ann Gonzales, not the plaintiff. *See* Docket No. 1 at 4-11.

1

Case No. 5:13-cv-00695-BLF
ORDER DENYING MOTION FOR SANCTIONS, DENYING MOTION TO COMPEL AND DENYING MOTION TO STRIKE

certain documents at the depositions of Sergeant John Carr and Lieutenant Loyd Kinsworthy. Gonzales also seeks to strike the Declaration of Randolph Hom that was attached to Defendants' Reply to Plaintiff's Opposition to Motion to Compel Answers at Deposition on the grounds that it constitutes hearsay and is procedurally deficient. The court finds Gonzales' and Defendants' arguments meritless in their respective moving papers. The motions are all DENIED.

## II.

This court has jurisdiction under 28 U.S.C. §§ 1332. The undersigned was assigned discovery matters in this case pursuant to Rule 72(a).[2]

## III.

*First*, Gonzales seeks sanctions based on Defendants' failure to appear at their own noticed depositions and Defendants' failure to produce requested documents prior to or during the 30(b)(6) depositions of Sergeant Carr and Lieutenant Kinsworthy.[3] Fed. R. Civ. P. 37 allows sanctions for a failure to obey a discovery order, a failure to disclose or supplement, a failure to attend one's own deposition, a failure to provide electronically stored information and a failure to participate in framing a discovery plan.[4] Where such conduct has taken place, the Rule 37 allow the court to choose from various remedies to return the parties to equal footing.[5] But regardless of any equitable remedies that the court may choose to impose, Rule 37 requires that the court "order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or

---

[2] *See* Docket No. 3.

[3] Gonzales originally sought sanctions for a failure to produce a privilege log consistent with the Federal Rules of Civil Procedure. After the filing of the motion, Defendants produced a compliant privilege log. Gonzales withdrew her motion as to the privilege log during oral argument.

[4] *See* Fed. R. Civ. P. 37(b)-(f).

[5] *See* Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii).

2
Case No. 5:13-cv-00695-BLF
ORDER DENYING MOTION FOR SANCTIONS, DENYING MOTION TO COMPEL AND DENYING MOTION TO STRIKE

other circumstances make an award of expenses unjust."[6]

There is no dispute here that Mr. Kallis traveled to the jail to attend two depositions for which Defendants failed to show up. And it is true that in such circumstances, the court may impose sanctions on the delinquent party. But as far as this court can tell, the rule is permissive, not obligatory.[7] And there is nothing to suggest that Mr. Hom intentionally failed to inform Gonzales's counsel of the change in schedule. While this court recognizes that Mr. Kallis was inconvenienced by this failure on the part of defense counsel, Gonzales was not severely prejudiced in any significant way. This is not a situation where Mr. Hom deviously and intentionally scheduled depositions for which he had no intention of appearing, nor is this a case where Mr. Kallis spent significant capital travelling to a far-off location to take or defend a non-existent deposition. The sanctioning powers of the court under Rule 37 are only to be used in limited and extreme circumstances,[8] and on this record, the court cannot possibly find that this conduct rises to that level. Nevertheless, the court recognizes that Mr. Kallis was inconvenienced by Mr. Hom's mistake and urges Defendants to be more considerate in the future.

Along similar lines, the court is not convinced that Defendants' failure to turn over documents during one or two 30(b)(6) depositions warrants sanctions. While it may be true that Defendants never proactively provided the subpoenaed documents to Gonzales during the course of the deposition, Gonzales also affirmatively failed to request them or even reference any of the

---

[6] Fed. R. Civ. P. 37(b)(2)(C); *see also Adams v. Albertson*, Case No. 10-cv-04787, 2012 WL 1636064, at *1 (May 9, 2012) ("Rule 37 sanctions are appropriate in extreme circumstances where violations are due to willfulness, bad faith, or fault of the party.")(citing *U.S. for Use & Ben. Of Wiltec Guam, Inc. v. Kahaluu Const. Co.*, 857 F.2d 600, 603 (9th Cir. 1988)).

[7] *See* C. Wright & A. Miller, *Federal Practice and Procedure*: Civil § 2284 (1970 & Supp. 1988) ("The sanctions enumerated in [Rule 37] are not exclusive and arbitrary but flexible, selective, and plural. The court may, within reason, use as many and as varied sanctions as are necessary to hold the scales of justice even.").

[8] *See Adams*, 2012 WL 1636064, at *1.

3
Case No. 5:13-cv-00695-BLF
ORDER DENYING MOTION FOR SANCTIONS, DENYING MOTION TO COMPEL AND DENYING MOTION TO STRIKE

subpoenaed documents during the course of the deposition.  It appears that both parties failed equally to ensure that the required documents transferred hands.  In light of Defendants' representation that they handed the documents over to Gonzales as soon as they realized that she did not have them, and in light of an absence of clear prejudice resulting from the late production, the courts finds that the error was inadvertent and does not warrant imposition of sanctions.[9]  Ultimately, this case seems to be one that is rife with inter-party miscommunication, and while these are unfortunate in the throes of discovery, they are not sanctionable.

   ***Second***, Defendants seek an order compelling Gonzales to answer questions—about her son's crime relating to the Ruano homicide—that she refused to answer during her deposition in pursuit of her Fifth Amendment right not to incriminate herself.[10]  Defendants argue primarily that it was unreasonable for Gonzales to plead the Fifth Amendment because there was no indication that she would be prosecuted as an accessory after-the-fact, especially since family members of the other individuals convicted in connection with the same homicide were never charged.  Gonzales counters that her apprehension of prosecution was certainly reasonable, particularly in light of the fact that Defendants never offered Gonzales transactional immunity in exchange for her testimony.

   The Fifth Amendment "can be asserted in any proceeding, civil or criminal, administrative or judicial, investigatory or adjudicatory; and it protects against any disclosures which the witness reasonably believes could be used in a criminal prosecution or could lead to other evidence that might be so used."[11]  While the court recognizes that the actual chances that Gonzales would be prosecuted are slim at best, it is still more than reasonable that she believed that she would put

---

[9] *See* Fed. R. Civ. P. 37(b)(2)(C); *Adams*, 2012 WL 1636064, at *1.

[10] Gonzales subsequently refused to answer questions relating to her contact and/or communication with Robert Cordova Jr., the other four homicide suspects or the families of said suspects from February 5, 2012 to the present.

[11] *Kastigar v. United States*, 406 U.S. 441, 444-45 (1972).

4

Case No. 5:13-cv-00695-BLF
ORDER DENYING MOTION FOR SANCTIONS, DENYING MOTION TO COMPEL AND DENYING MOTION TO STRIKE

**United States District Court**
For the Northern District of California

herself at risk of prosecution through offering testimony about the day in question. At the same time, this court also must point out that because Gonzales did not answer questions that are pertinent to her emotional distress damages, she may find herself in a tight spot down the line. While the motion to compel is DENIED at this juncture, Defendants are free to move the district judge to exclude the emotional damages claim at a later stage based on Gonzales's refusal to answer questions about her emotional distress.

*__Finally__*, Gonzales seeks to strike the declaration of Randolph Hom—which was attached to Defendants' reply brief to their motion to compel—on the grounds that it is procedurally deficient and constitutes inadmissible hearsay. While it is typically considered improper to attach new information to a reply brief,[12] here, Defendants seem to have done so as a response to Gonzales's contention that Mr. Hom's declaration as attached to the original motion was incomplete. Because there is no indication that Defendants were trying to sandbag Gonzales rather than simply responding to Gonzales's accusation, the court does not find the procedural error substantial.[13] Further, because the court did not need to consider the information housed in the supplemental declaration in order to rule on the motion to compel, the court DENIES the motion to strike as moot.[14]

---

[12] *See Baker v. County of Sonoma*, Case No. 08-cv-03433, 2010 WL 99088, at n.1 (N.D. Cal. Jan. 6, 2010).

[13] *See Gradillas v. Lincoln General Ins. Co.*, Case No. 12-cv-03697, 2012 WL 6020094, at *6 (N.D. Cal. Dec. 3, 2012) (finding that where a supplemental declaration was attached to a reply in order to supplement an original declaration and the objection was procedural in nature, striking the supplemental declaration was not appropriate).

[14] *See Baker*, 2010 WL 99088, at n.1; *Sheakalee v. Fortis Benefits Ins. Co.*, Case No. 08-cv-00416, 2008 WL 4279383, at *7 (E.D. Cal. Sept. 7, 2011) (denying motion to strike as moot because "the contested portions of the declaration were not relied on to resolve the motion for discovery and consideration of the contested portions would not affect the conclusion."); *I.E.I Co. v. Advance Cultural Educ.*, Case No. 09-cv-05079, 2011 WL 1335407, at n.1 (N.D. Cal. Apr. 7, 2011) ("Because the facts are not relevant to the court's determination . . . the court does not consider them and denies Plaintiffs' motion to strike as moot.").

5
Case No. 5:13-cv-00695-BLF
ORDER DENYING MOTION FOR SANCTIONS, DENYING MOTION TO COMPEL AND DENYING MOTION TO STRIKE

**SO ORDERED.**

Dated: February 13, 2015

*/s/ Paul S. Grewal*
PAUL S. GREWAL
United States Magistrate Judge