UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARY LOU GONZALES,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SAN JOSE, et al.,<br><br>Defendants. | Case No. 13-cv-00695-BLF<br><br>**ORDER DENYING RELIEF FROM NONDISPOSITIVE ORDER OF MAGISTRATE JUDGE**<br><br>[Re: ECF 147] |

Before the Court is plaintiff Marylou Gonzales's Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge, wherein she seeks relief from a discovery order entered by Magistrate Judge Paul Singh Grewal. Pl.'s Mot., ECF 147. Plaintiff is not seeking relief from the discovery *order*, per se. Indeed, she actually prevailed in the underlying dispute, as Judge Grewal denied Defendants' motion to compel Plaintiff to answer certain questions at her deposition, finding that she properly invoked her 5th Amendment right against self-incrimination in declining to answer those questions. *See* Order Denying Mot. for Sanctions, Denying Mot. to Compel and Denying Mot. to Strike ("Order") at 4-5, ECF 137. Plaintiff does not challenge that outcome. Instead, she assigns error to Judge Grewal's determination—in arriving at a ruling favorable to her—that the questions she refused to answer were "reasonably calculated" to lead to the discovery of admissible evidence concerning her emotional distress. Pl.'s Mot. 6;[1] Order at 4-5; Clarification re Order, ECF 139.[2] Plaintiff also claims that Judge Grewal's order is clearly

---

[1] Because Plaintiff's motion contains no page numbers, references are to the ECF page numbers.

[2] Plaintiff filed a procedurally unorthodox motion before Judge Grewal seeking clarification of three statements in his order before filing a motion before the undersigned seeking relief from those statements on which she sought clarification. *See* ECF 138, 139.

erroneous in stating that "Plaintiff refused to answer questions about the day in question" and that she "refused to answer emotional distress questions." Pl.'s Mot. 2-6.

Plaintiff's motion is without merit. "When a discovery order centers on a magistrate's determination of relevance, 'the standard of review in most instances is not the explicit statutory language, but the clearly implicit standard of abuse of discretion.'" *Equal Employment Opportunity Comm'n v. Peters' Bakery*, 301 F.R.D. 482, 484-85 (N.D. Cal. 2014) (quoting *Geophysical Sys. Corp. v. Raytheon Co., Inc.*, 117 F.R.D. 646, 647 (C.D. Cal. 1987)). As the court in *Geophysical* explained:

> The test of relevance in the discovery context is a very broad one. More precise evidentiary rulings should await trial, when the issues are more clearly defined, and be made then or in limine. At this juncture, the Court must review the magistrate's order with an eye toward the broad standard of relevance in the discovery context.

117 F.R.D. at 647 (internal citation omitted). Judge Grewal made a finding pursuant to Federal Rule of Civil Procedure 26 that Defendants' questions were "'reasonably calculated' to lead to admissible evidence" regarding Plaintiff's emotional distress. Clarification re Order at 2. There was no abuse of discretion in this determination, and in fact Judge Grewal correctly observed that Defendants could seek to test the actual evidentiary implications of Plaintiff's invocation of the 5th Amendment before the undersigned. *See* Order at 5. Likewise, the Court finds no clear error in the "findings of fact" that Plaintiff challenges. Taken in the proper context in which the statements regarding Plaintiff's refusal to answer were written, it is not even clear that they were findings of fact.

Ultimately, Plaintiff appears to be seeking a ruling from the undersigned, perhaps in anticipation of an *in limine* motion by Defendants, that Plaintiff's invocation of her right against self-incrimination will not have any negative consequences with respect to her claim for emotional distress damages. A motion for relief from the ruling of a magistrate judge in one's favor is an improper vehicle for such evidentiary dispute, particularly as it is not ripe for decision by this Court. Plaintiff does not seek to overturn Judge Grewal's order ruling that she should not be compelled to answer certain questions in deposition. As such, there is no relief to grant. This Court does not expend its limited resources rendering advisory opinions on how other judges

should write their orders.

For the foregoing reasons, Plaintiff's Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge is DENIED.

**IT IS SO ORDERED.**

Dated: March 12, 2015

_____
BETH LABSON FREEMAN
United States District Judge