UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARY LOU GONZALES,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SAN JOSE, et al.,<br><br>Defendants. | Case No. 13-cv-00695-BLF<br><br>**ORDER GRANTING IN PART, DENYING IN PART PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL; INSTRUCTIONS TO PLAINTIFF**<br><br>[Re: ECF 144] |

Plaintiff Mary Lou Gonzales seeks to seal four exhibits filed in support of her concurrently filed Motion for Partial Summary Judgment of Claims. *See* Pl.'s Admin. Mot., ECF 144. For the reasons stated herein, Plaintiff's request is GRANTED IN PART and DENIED IN PART.

I. **LEGAL STANDARD**

"Unless a particular court record is one 'traditionally kept secret,'" a "strong presumption in favor of access" to judicial records "is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). A party seeking to seal judicial records relating to a dispositive motion therefore bears the burden of overcoming this presumption by articulating "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Id.* at 1178-79. This standard is invoked "even if the dispositive motion, or its attachments, were previously filed under seal or protective order." *Id.* at 1179 (citing *Foltz*, 331 F.3d at 1136). Compelling reasons for sealing court files generally exist when such "'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598

1  (1978)). However, "[t]he mere fact that the production of records may lead to a litigant's
2  embarrassment, incrimination, or exposure to further litigation will not, without more, compel the
3  court to seal its records." *Kamakana*, 447 F.3d at 1179.
4      Furthermore, in this District, parties seeking to seal judicial records must also follow Civil
5  L.R. 79-5, which requires, *inter alia*, that a sealing request be "narrowly tailored to seek sealing
6  only of sealable material." Civil L.R. 79-5(b). Where the submitting party seeks to file under seal
7  a document designated confidential by another party (the "designating party"), the burden of
8  articulating compelling reasons for sealing is placed on the designating party. *Id.* 79-5(e).

## II. ANALYSIS

Plaintiff seeks to seal four exhibits in support of her Motion for Partial Summary Judgment: Exhibit A to the Declaration of Marylou Gonzales; Exhibit J to the Declaration of Steven M. Berki; as well as Exhibits C and D attached to Plaintiff's Request for Judicial Notice. Pl.'s Admin. Mot. 2-3. Reserving judgment on whether Exhibits C and D are properly subject to judicial notice, this Court determines whether these four documents are sealable under the prevailing standard and applicable rules.

### A. Exhibit A

Exhibit A is Plaintiff's California driver's license, which she seeks to seal because it "contains [her] personal identifying information, including her California Driver's License number, name, address, date of birth, signature, height, and weight." Pl.'s Admin. Mot. 2. While the Court understands Plaintiff's concern for privacy, her request to file her driver's license entirely under seal is not narrowly tailored, particularly where her appearance is a central issue in the case, and her height is stated without redaction in her Motion for Partial Summary Judgment. *See* Pl.'s Mot. for Summary Judgment 12, ECF 146. Plaintiff's sealing request is therefore GRANTED IN PART and DENIED IN PART with respect to Exhibit A. Out of an abundance of caution, the Court will permit Plaintiff to redact her driver's license number, address, date of birth, and signature, for which the Court finds compelling reasons to seal. Plaintiff shall file this

1   redacted version of Exhibit A into the record by **no later than March 19, 2015.**[1]

2   **B.   Exhibits J**

3   Exhibit J to the Berki Declaration is described as "part of the San Jose Police Department's 'Metro Unit Guidelines,'" that were "produced as part of Defendant City of San Jose's Fifth Supplemental Response to Plaintiff's First Request for Production."  Pl.'s Admin. Mot. 2.  The City of San Jose "designated these documents 'Confidential' before producing them to Plaintiff, pursuant to a Protective Order between the parties."  *Id.*  Because Defendant City of San Jose is the designating party, it bears the burden of demonstrating compelling reasons in support of sealing.  Civ. L.R. 79-5(e).  Plaintiff filed her sealing request on February 26, 2015 and, to date, Defendant City of San Jose has not submitted any declaration in support of sealing.  Furthermore, the Court notes that although Exhibit J is stamped "Confidential," the City of San Jose's responses to Plaintiff's Request for Production are not so labeled.  Plaintiff's request to seal both documents, combined into a single exhibit, in their entirety is not narrowly tailored.

Plaintiff's sealing request is therefore DENIED as to Exhibit J.  Plaintiff shall file the unredacted version of Exhibit J into the public record **no earlier than 4 days, and no later than 10 days**, from the date of this order.  Civ. L.R. 79-5(e)(2).

**C.   Exhibits C and D**

Exhibits C and D to Plaintiff's Request for Judicial Notice are documents produced by the Santa Cruz County Sheriff's Department, which is not a party to this case.  Exhibit C, a booking report for Mary Gonzales, is labeled "FOR OFFICIAL USE ONLY. NOT TO BE PHOTOCOPIED NOR IS ANY INFORMATION HEREIN TO BE GIVEN TO UNAUTHORIZED AGENCIES OR PERSONS."  Exhibit D, various booking mugshots for Mary Gonzales, is labeled "Confidential, Do Not Duplicate.  Both documents were produced pursuant to Plaintiff's subpoena, and she avers that the documents are sealable because the Santa Cruz County Sheriff's Department designated them as confidential.  Pl.'s Admin. Mot. 2-3.  It is unclear whether the documents were produced pursuant to any protective order or other directive that

---

[1] Plaintiff is encouraged to file a version of this exhibit in color.

Plaintiff may not file the documents publicly. As with Defendant City of San Jose, the Santa Cruz County Sheriff's Department has not submitted a declaration in support of sealing within the timeframe set forth in Civil Local Rule 79-5(e).

Plaintiff's sealing request is accordingly DENIED with respect to Exhibits C and D. Out of an abundance of caution and respect for the confidentiality of a third party, Plaintiff shall serve a copy of this order on the Santa Cruz County Sheriff's Department **by March 16, 2015**. If no declaration setting forth compelling reasons in support of sealing Exhibits C and D is submitted to this Court by **March 23, 2015**, Plaintiff shall file those exhibits into the public record on March 24, 2015.

**IT IS SO ORDERED.**

Dated: March 12, 2015

_____
BETH LABSON FREEMAN
United States District Judge